**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2210
_____

JOAS CLAUDE MICHEL AVRIL,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A200-442-291)
Immigration Judge:  Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2020
Before:  KRAUSE, MATEY and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 3, 20202)
_____

OPINION[*]
_____

PER CURIAM

Joas Claude Michel Avril, proceeding pro se, petitions for review of an order of

the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Judge ("IJ") denying Avril's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the reasons discussed below, we will deny the petition for review.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. Avril, a citizen and native of Haiti, entered the United States in 2005. In July 2018, the Government commenced removal proceedings. Avril conceded that he was removable, but he applied for asylum, withholding of removal, and CAT protection.

In support of his applications, Avril testified that he was targeted for kidnapping by criminals in Haiti who were motivated by a need for money. Those criminals never succeeded in kidnapping Avril, but he remains fearful that he will be kidnapped for ransom in Haiti. After Avril left for the United States, his home in Haiti was burglarized and the occupants were attacked. Avril's mother, uncle, grandmother, and other family members have also been the victims of crime in Haiti.

The IJ found that Avril testified credibly but that his claims for relief were insufficient to merit relief. The IJ denied Avril's application for asylum, finding that it was not filed within one year of his arrival in the United States and that there were no grounds to excuse the untimeliness. With respect to Avril's withholding claim, the IJ determined that Avril failed to show that his alleged past persecution or fear of future persecution was on account of any protected ground. In the alternative, the IJ found that Avril failed to show that he suffered any past harm rising to the level of persecution, and that he failed to show a clear probability that he would personally suffer future

2

persecution.  Similarly, the IJ determined that Avril was not entitled to CAT relief because he failed to demonstrate a likelihood that he would be tortured if he were returned to Haiti.

The BIA agreed with the IJ's analysis and conclusions.  The BIA added that the country conditions reports of generalized violence in Haiti did not establish that it was more likely than not that Avril would personally be tortured.  The BIA also determined that it would not consider new evidence that Avril presented on appeal, which included letters about various crimes in Haiti.  Thus, the BIA affirmed the IJ's decision.  This petition for review followed.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1).  When, as here, the BIA adopts the findings of the IJ and discusses some of the bases for the IJ's opinion, our review encompasses both decisions.  See Guzman v. Att'y Gen. U.S., 770 F.3d 1077, 1082 (3d Cir. 2014).  We review the agency's legal conclusions de novo, but we must uphold the agency's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B); see also Mendoza-Ordonez v. Att'y Gen. U.S., 869 F.3d 164, 169 (3d Cir. 2017).

III.

Avril raises challenges to the agency's ruling on his withholding and CAT claims, and he challenges the BIA's determination that it would not consider the new evidence that he presented on appeal.[1]

To obtain withholding of removal, an alien must show that he will be persecuted, meaning his "life or freedom would be threatened" upon his removal to a particular country "because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); see also Garcia v. Att'y Gen. U.S., 665 F.3d 496, 505 (3d Cir. 2011). The alien must show a "clear probability" of persecution, meaning "that persecution would 'more likely than not' occur." Garcia, 665 F.3d at 505 (citations omitted). A showing of past persecution gives rise to a rebuttable presumption of future persecution. Id. Where a withholding claim is based on membership in a "particular social group," an alien must show "that the group itself is properly cognizable as a social group within the meaning of the statute, and that his membership in the group is one central reason why he was or will be targeted for persecution." Gonzalez-Posadas v. Att'y Gen. U.S., 781 F.3d 677, 684–85 (3d Cir. 2015) (quotation marks and citation omitted).

---

[1] Avril has waived any arguments regarding the denial of his application for asylum on timeliness grounds by failing to present them in his brief. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004). In any event, we lack jurisdiction to review factual or discretionary determinations concerning the timeliness of an asylum application. See Sukwanputra v. Gonzales, 434 F.3d 627, 635 (3d Cir. 2006).

4

Here, substantial evidence supports the agency's determination that Avril's persecutors in Haiti did not target him on account of any protected ground. When asked why the criminals in Haiti had targeted him, Avril testified only that he is wealthy and that the criminals need money. Avril did not provide any other reason why he was or will be targeted for persecution. This record does not compel a conclusion contrary to the agency's finding that Avril's persecutors in Haiti did not target him on account of any protected ground. See Shehu v. Att'y Gen. U.S., 482 F.3d 652, 657 (3d Cir. 2007) (holding that substantial evidence supported the agency's finding that persecution was "motivated by a bare desire for money," as opposed to any protected grounds); see also Orellana-Arias v. Sessions, 865 F.3d 476, 486 (7th Cir. 2017) (explaining that "wealth alone is not cognizable as a social group").

Moreover, substantial evidence also supports the agency's alternative determination that Avril's asserted harms do not rise to the level of persecution. Although Avril was threatened, none of those threats materialized while Avril was living in Haiti. After coming to the United States, Avril was the victim of a single burglary of his home in Haiti. This record does not compel a conclusion contrary to the agency's determination that Avril failed to show past persecution or a clear probability of future persecution. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (holding that "isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, is not sufficiently severe to be considered persecution"). Avril argues that the BIA applied the wrong standard for persecution, but the BIA cited and properly applied authorities, including Lie, which set

5

forth the correct standard. See BIA Op. at 1; see also Lie, 396 F.3d at 536 (explaining that persecution includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom") (quoting Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)).

Avril's CAT claim fails for similar reasons. An alien seeking relief under the CAT must demonstrate that it is "more likely than not" that he will be tortured in the event of return to a designated country. 8 C.F.R. § 1208.16(c)(2). The agency's determination that Avril has not met this standard, based on the same set of facts discussed above, is supported by substantial evidence. Avril argues that the BIA failed to consider the country conditions reports before reaching its conclusion, but the BIA expressly considered those reports before denying Avril's CAT claim. See BIA Op. at 1. To the extent that Avril challenges the weight that the BIA gave to those reports, we note that, while the reports provide evidence of generalized violence and crime in Haiti, they do not compel a conclusion contrary to the BIA's determination that Avril failed to show that it was more likely that not that he would personally be tortured upon his return to Haiti. Cf. Zubeda v. Ashcroft, 333 F.3d 463, 478 (3d Cir. 2003) (explaining that "reports of generalized brutality within a country do not necessarily allow an alien to sustain his/her burden under the Convention Against Torture").

The BIA properly declined to consider the new evidence that Avril submitted with his appeal, as the BIA's review is limited to the record before the IJ. See 8 C.F.R. § 1003.1(d)(3)(iv); Saravia v. Att'y Gen. U.S., 905 F.3d 729, 734 (3d Cir. 2018) (noting that the BIA ignored supplemental evidence on appeal "as required by law"). To the

6

extent that Avril argues that the BIA should have remanded the proceedings to the IJ for consideration of the new evidence, we note that "a party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand." 8 C.F.R. § 1003.1(d)(3)(iv). As Avril did not file a motion for remand, we cannot fault the BIA for not considering a remand here.

Accordingly, we will deny the petition for review.